UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DION HENDERSON, ET AL.**                                      **CIVIL ACTION**

**VERSUS**                                                       **No. 09-5626**

**MCMORAN OIL & GAS, LLC, ET AL.**                              **SECTION "I"**

## ORDER AND REASONS

This case arises out of injuries that plaintiff Denis Henderson ("Henderson"), as a Seatrax employee, allegedly suffered while performing a crane boom section removal. On July 8, 2011, the Court requested that the parties submit briefing with respect to evidence labeled "subsequent remedial measures" pursuant to Fed. R. Evid. 407 ("Rule 407").[1]

Plaintiffs, Denis and Dion Henderson ("plaintiffs"), oppose the admissibility of "(1) Post accident photographs; (2) Root Cause Analysis; (3) Post accident invoices/service orders; (4) post accident Job Safety Analysis; and (5) Post accident email exchanges between workers on the platform" because they constitute subsequent remedial measures.[2] Specifically, plaintiffs argue that this evidence would demonstrate that, following Denis Henderson's accident, Seatrax completed the boom section removal using a different method than the one Henderson used on the date of his alleged accident.[3] Plaintiffs maintain that this constitutes subsequent remedial measures that must be excluded pursuant to Rule 407.

---

[1] R. Doc. No. 153.
[2] R. Doc. No. 164, p. 2.
[3] R. Doc. No. 164, pp. 2-4.

Defendant, Quality Production Management, LLC ("QPM"), counters that Rule 407 does not apply to subsequent remedial measures undertaken by anyone other than a defendant, that the evidence at issue does not involve "subsequent" remedial measures and, in the alternative, if the Court does find this evidence to be within the scope of Rule 407, such evidence falls within an exception to Rule 407 because it is admissible to show feasibility.[4]

### I. The Scope of Rule 407

Rule 407 provides:

> When, <u>after an injury or harm allegedly caused by an event, measures are taken that, if taken previously</u>, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Consequently, Rule 407 excludes evidence of remedial measures that are taken *after* the alleged harm or injury occurs, not before. *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 429-30 (5th Cir. 2006) ("By definition, the rule excludes only post-accident remedial measures, so to the extent the district court excluded evidence of design changes or investigations that started before the June 2001 accident . . . , that was error.) (footnote omitted).

QPM argues that Seatrax policies applicable to the type of boom section removal that Henderson was performing when he was injured were in place prior to Henderson's accident. According to QPM, these policies prescribed a certain type of method to use for the boom section removal at issue and Seatrax did not use this prescribed method on the date of

---

[4] R. Doc. No. 173.

2

Henderson's accident.[5]  QPM asserts, however, that Seatrax did use the prescribed method when it completed the boom section removal following Henderson's accident.[6]  Accordingly, QPM maintains that while Seatrax completed the job *after* Henderson's accident using a method that differed from the method used on the date of Henderson's accident, these actions do not constitute "subsequent" remedial measures because the Seatrax policies were in place *before* the accident.  The Court finds that such evidence does not fall within the scope of Rule 407 and, based on the arguments tendered, it will not be excluded.

## II. Rule 407 and Non-Parties

Second, regardless of whether this evidence falls outside the scope of Rule 407 and is not excluded on that basis, Fifth Circuit precedent holds that Rule 407 does not exclude evidence of subsequent remedial measures performed by a party which is *not* a defendant.  *See Herrington v. Hiller*, 883 F.2d 411, 415 n.11 (5th Cir. 1989) ("On appeal, the defendant has not contended, and has not briefed the assertion, that rule 407 authorizes exclusion of third-party changes.  As the district court noted, the authorities are adverse to defendants in this regard.") (citing *Grenada Steel Indus. v. Alabama Oxygen Co.*, 695 F.2d 883, 889 (5th Cir. 1983)); *Myers v. Pennzoil Co.*, 889 F.2d 1457, 1461 (5th Cir. 1989) ("The prohibition of [rule 407] applies only to a party and Loffland was not a party at the time the evidence was offered."); *Koonce v. Quaker Safety Products & Mfg.*, 798 F.2d 70, 719-20 (5th Cir. 1986) ("[B]ecause Day & Zimmermann was not a party to the suit, the memo concerning subsequent repairs should not have been excluded based on Rule 407.") (citing *Grenada Steel*, 695 F.2d at 889); *Middleton v. Harris Press and Shear, Inc.*, 796 F.2d 747, 752 (5th Cir. 1986) ("[R]ule 407 would not have barred admission of

---

[5] R. Doc. No. 173, p. 4.
[6] R. Doc. No. 173, p. 4.

modifications to the baler by Willamette, a non-defendant."); *Grenada Steel*, 695 F.2d at 889 ("[N]either the text of rule 407 nor the policy underlying it excludes evidence of subsequent repairs made by someone other than the defendant."). Seatrax, Henderson's employer, is not a defendant in this case. Consequently, Rule 407 does not exclude evidence of any "subsequent remedial measures" that Seatrax might have undertaken following Henderson's accident.

Accordingly,

**IT IS ORDERED** that plaintiffs' request to exclude any evidence of Seatrax's "subsequent remedial measures" following Henderson's alleged accident is **DENIED**.[7]

New Orleans, Louisiana, August  17th , 2011.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[7] Any objection to such evidence based on Rule 403 of the Federal Rules of Evidence may be argued at trial, although the Court fails, at this juncture, to recognize the merits of any such objection.

4