UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DION HENDERSON, ET AL.**                                                      **CIVIL ACTION**

**VERSUS**                                                                                  **No. 09-5626**

**MCMORAN OIL & GAS, LLC, ET AL.**                                   **SECTION "I"**

## ORDER AND REASONS

On July 8, 2011, the Court requested that the parties submit briefing with respect to evidence of collateral source compensation.[1] Defendant, Quality Production Management, LLC ("QPM"), seeks to introduce at trial evidence of worker's compensation disability and medical benefits and Social Security disability benefits (together, "compensation benefits") that plaintiff Denis Henderson ("Henderson") has received. QPM asserts that this evidence is relevant and admissible because it goes to the issues of whether Henderson has a lack of motivation to return to work and whether he is malingering.[2] Plaintiffs, Denis and Dion Henderson (together, "plaintiffs"), oppose QPM's request because such evidence is irrelevant and any reference to Henderson's compensation benefits would be highly prejudicial to plaintiffs and would constitute error which would require a new trial.[3]

"Under the collateral source rule, a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution." *Bozeman v. State*, 879 So.2d 692, 698 (La. 2004). "In its simplest application, the rule prohibits the introduction of evidence

---

[1] R. Doc. No. 153.
[2] R. Doc. No. 174, p. 1.
[3] R. Doc. No. 167, pp. 1-2.

offered to show that the employee has already been compensated for his injuries." *Bourque v. Diamond M. Drilling Co.*, 623 F.2d 351, 354 (5th Cir. 1980).  The Fifth Circuit recognizes that any reference to compensation benefits can be highly prejudicial.  *Doucet v. Gulf Oil Corp.*, 783 F.2d 518, 523 (5th Cir. 1986) ("[W]e note that even an argument by counsel that the plaintiff in a tort suit will receive worker's compensation is so prejudicial as to warrant a new trial, if the objection is properly made, because it may adversely affect the jury's deliberations on status or violate the collateral source rule.") (footnotes and citations omitted).  Consequently, "[t]he Courts have been hesitant to allow admission of the receipt of compensation benefits even to prove matters other than liability or damages."  *Simmons v. Hoegh Lines*, 784 F.2d 1234, 1237 (5th Cir. 1986) (citing *Tipton v. Socony Mobil Oil Co.*, 375 U.S. 34 (1963); *Bourque*, 623 F.2d at 354).

Notwithstanding these concerns, in *Savoie v. Otto Candies, Inc.*, 692 F.2d 363 (5th Cir. 1982), the Fifth Circuit held that compensation benefits may be admitted for "the limited purpose of proving another matter."  *Simmons*, 784 F.2d at 1237 (recognizing the *Savoie* exception but concluding that, given the facts before the court, "there was no good reason to admit the fact that Simmons was receiving compensation benefits . . . ."); *Savoie*, 692 F.2d at 370.[4]  QPM argues that, given the Fifth Circuit's language in *Savoie*, compensation benefits are admissible for the purpose of showing Henderson's lack of motivation to return to work.[5]

---

[4] In *Savoie*, the injured plaintiff, Savoie, sued Otto Candies, Inc. ("Candies"), under the Jones Act. *Savoie*, 692 F.2d at 365.  Savoie sought admission of evidence that he had received workers' compensation benefits provided by the Longshoremen's and Harbor Workers' Compensation Act from Candies. *Id.* at 367.  Savoie wanted the jury to consider these payments in order to determine whether he was a Jones Act seaman at the time of his injury. *Id.*  The trial court admitted evidence of the payments over Candies' objections. *Id.*

[5] The Fifth Circuit has cited *Lewis v. Fidelity & Cas. Co. of New York*, 230 So.2d 636 (La. App. 1970) in its review of caselaw referencing the admission of compensation benefits for a limited purpose.  However, it did not rely on that case as authority.  *Gates v. Shell*, 812 F.2d 1509, 1513 n.3 (5th Cir. 1987).  According to this Court's

2

In order for compensation benefits to be admissible for the limited purpose of proving that Henderson lacks motivation to return to work, this Court must determine that, if such evidence is admitted, "there is little likelihood of prejudice and no strong potential for improper use." *Simmons*, 784 F.2d at 1247.[6]  The parties have conflicting expert testimony regarding Henderson's medical status and his ability to return work.  Moreover, Henderson has undergone approximately ten surgeries over the past two years.  This is not a case where the medical experts are in agreement that Henderson may return to work and he, in spite of such advice, refuses to do so.  The probative value of Henderson's compensation benefits is substantially outweighed by the danger of unfair prejudice, a misleading of the jury and confusion of the issues.  Fed. Evid. R. 403.

Accordingly,

**IT IS ORDERED** that QPM may not refer to any compensation benefits that Henderson has received or will receive for the purpose of showing Henderson's lack of motivation to return to work.  If, at trial, such evidence might be admissible for other unanticipated purposes such as impeachment, the Court will consider those arguments at that time.

New Orleans, Louisiana, August 19, 2011.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

independent research, the Fifth Circuit has not relied on *Lewis* as authority to permit the admission of compensation benefits to prove a plaintiff's lack of motivation to return to work.

[6] If such evidence were admissible, the Court would provide "a careful qualifying jury instruction." *Simmons*, 784 F.2d at 1247.