UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DION HENDERSON, ET AL.                                        CIVIL ACTION

VERSUS                                                         No. 09-5626

MCMORAN OIL & GAS, LLC, ET AL.                               SECTION "I"

## ORDER AND REASONS

On August 1, 2011, the Court requested that the parties submit briefing with respect to certain government reports prepared by the Minerals Management Service ("MMS").[1] These reports include the Accident Investigation Report, the May 12, 2009 Incident of Non-Compliance Letter, the July 29, 2009 Civil Penalty Case Report and the October 5, 2009 Notice of Proposed Civil Penalty Assessment (together, "MMS Reports"). Defendant, Quality Production Management, LLC ("QPM"), argues that the MMS Reports are admissible pursuant to Fed. R. Evid. 803(8) ("Rule 803(8)").[2] Plaintiffs, Denis and Dion Henderson (together, "plaintiffs"), argue that the MMS Reports are inadmissible because "the MMS's fact-finding rules are less rigorous than the rules of procedure and evidence applicable to civil litigation in federal courts," the reports are highly prejudicial and the reports will likely mislead the jury.[3]

Rule 803(8) exempts from the general rule prohibiting hearsay:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation

---

[1] R. Doc. No. 155.
[2] R. Doc. No. 165.
[3] R. Doc. No. 172, pp. 2-3.

>made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

At the time the MMS Reports were prepared in 2009, the MMS was a bureau of the U.S. Department of the Interior.[4] Pursuant to the Outer Continent Shelf Lands Act (43 U.S.C. § 1331 *et seq.*), the U.S. Department of the Interior is charged with the responsibility of investigating any incident on the Outer Continental Shelf which results in death or serious injury and it must prepare a public report. 43 U.S.C. § 1348. This investigative authority is delegated to the MMS, and "[a]ny investigation that MMS conducts . . . is a fact-finding proceeding with no adverse parties. The purpose of the investigation is to prepare a public report that determines the cause or causes of the incident." 30 CFR § 250.191. Consequently, the MMS Reports satisfy Rule 803(8)(C)'s requirement that such a report "result[] from an investigation made pursuant to authority granted by law." Fed. R. Evid. 803(8).

A government report – including its factual findings, opinions, and conclusions – is presumed to be admissible pursuant to Rule 803(8) unless there are indications that the report is untrustworthy. *Beech Aircraft Corp. v. Rainey*, 433 U.S. 153, 170 (1988); *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991). "[T]he party opposing the admission of the report must prove the report's untrustworthiness." *Moss*, 933 F.3d at 1305. With respect to a report's trustworthiness, the Court may consider several non-exclusive factors, including: "(1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation." *Beech Aircraft*, 433 U.S. at 167 n.11; *Moss*, 933 F.3d at 1305. "[C]ourts must

---

[4] The MMS was renamed the Bureau of Ocean Energy Management, Regulation and Enforcement effective June 18, 2010. *See* U.S. DEP'T INTERIOR, ORDER NO. 3302, CHANGE OF THE NAME OF THE MINERALS MANAGEMENT SERVICE TO THE BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION, AND ENFORCEMENT (2010), *available at* http://www.doi.gov/deepwaterhorizon/loader.cfm?csModule=security/getfile&PageID=35872.

evaluate the report's reliability by focusing upon the methodology behind the report rather than upon its findings and conclusions." *Eason v. Fleming Companies, Inc.*, 4 F.3d 989, 1993 WL 360736, at *3 (5th Cir. 1993) (citing *Moss*, 933 F.3d at 1307-08).

Plaintiffs, as the parties opposing admission of the MMS Reports, have the burden to show that the proffered evidence is untrustworthy. Plaintiffs' argue that because "an MMS investigation is not conducted within the guidelines of rules of evidence and procedure, the ultimate conclusion and recommendation rendered by the MMS is not trustworthy under the *Beech Aircraft* decision."[5] However, beyond this assertion, plaintiffs do not address any of the factors set forth in *Beech Aircraft*. Accordingly, the Court cannot conclude that the MMS Reports are untrustworthy and it cannot exclude them on this basis.

Plaintiffs also argue that the MMS Reports must be excluded because they "all include a direct conclusion of fault, a determination of causation, and an imposition of a penalty" and, consequently, they are highly prejudicial and will mislead the jury.[6] In essence, plaintiffs assert that because the MMS Reports contain conclusions with respect to fault and causation, they must be excluded pursuant to Fed. R. Evid. 403 ("Rule 403").

Rule 403 allows the exclusion of otherwise admissible evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. However, "[w]hen the subject of this balancing test is a government report or other public record, the court must take care to ensure that Rule 403 does not undermine the policy in favor of the admission of such evidence that is embodied in Rule

---

[5] R. Doc. No. 172, p. 5.
[6] R. Doc. No. 172, p. 5.

803(8)(C)." *Shepherd v. Dallas County*, 591 F.3d 445, 457 (5th Cir. 2009) (citing *Moss*, 933 F.2d at 1308-09). Again, *Beech Aircraft* and *Moss*, *supra*, hold that conclusions in a government report are admissible absent any indication that the report is untrustworthy. If this Court were to exclude the MMS Reports pursuant to Rule 403 solely because they contain conclusions, this would undermine the policy in favor of admitting government reports. Consequently, the Court will not exclude the MMS Reports on that basis.

Nevertheless, the Court understands plaintiffs' reservations with respect to the portions of the MMS Reports that determine causation and assign fault. These are issues that the jury must determine. Without a careful limiting instruction delineating how the jury should consider this evidence, the jury could abdicate its responsibility to resolve these issues and merely adopt the conclusions reached in the MMS Reports. Therefore, the Court will provide an MMS Reports-specific instruction to the jury advising that it is the sole judge of the facts and that it is free to accept or reject any conclusions presented in the MMS Reports.

Finally, the fact that the Court will not exclude the MMS Reports because they contain conclusions does *not* mean that all four exhibits are admissible. Rather, only the Accident Investigation Report is admissible because it contains all of the facts and conclusions reached by the MMS. The May 12, 2009 Incident of Non-Compliance Letter, the July 29, 2009 Civil Penalty Case Report and the October 5, 2009 Notice of Proposed Civil Penalty Assessment reiterate the same information as the Accident Investigation Report, but also include information regarding assessed civil penalties and civil penalty history. The civil penalty history is irrelevant to the accident at issue in this case. The Court further finds that the probative value of these exhibits is substantially outweighed by the danger of unfair prejudice, confusion of the issues,

and misleading the jury, as well as by needless presentation of cumulative evidence. Fed. R. Evid. 403.

Accordingly,

**IT IS ORDERED** that the Accident Investigation Report[7] is **ADMISSIBLE**.

**IT IS FURTHER ORDERED** that the May 12, 2009 Incident of Non-Compliance Letter, the July 29, 2009 Civil Penalty Case Report and the October 5, 2009 Notice of Proposed Civil Penalty Assessment are **EXCLUDED**.[8]

New Orleans, Louisiana, August 25th, 2011.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[7] R. Doc. No. 165-1, pp. 1-5.
[8] R. Doc. No. 165-1, pp. 6-27.